



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 10, 1939

Honorable R. Emmett Morse
Speaker, House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-698
Re: Impeachment proceedings
in the House.

By your letter of June 6th you request the advice of this department upon the following questions:

"1. Whether an individual citizen, not a member of the House, has the right to institute impeachment proceedings in the House.

"2. In the event some member of the House institutes such proceedings, what the proper procedure in the House should be."

Article 15 of our Constitution relates to the matter of impeachment. Sections 1 to 5, inclusive, and 7 of such Article of the Constitution, are quoted below:

"Section 1. The power of impeachment shall be vested in the House of Representatives.

"Sec. 2. Impeachment of the Governor, Lieutenant Governor, Attorney General, Treasurer, Commissioner of the General Land Office, Comptroller and the Judges of the Supreme Court, Court of Appeals and District Court shall be tried by the Senate.

"Sec. 3. When the Senate is sitting as a Court of Impeachment, the Senators shall be on oath, or affirmation impartially to



try the party impeached, and no person shall be convicted without the concurrence of two-thirds of the Senators present.

"Sec. 4. Judgment in cases of impeachment shall extend only to removal from office, and disqualification from holding any office of honor trust or profit under this State. A party convicted on impeachment shall also be subject to indictment trial and punishment according to law.

"Sec. 5. All officers against whom articles of impeachment may be preferred shall be suspended from the exercise of the duties of their office, during the pendency of such impeachment. The Governor may make a provisional appointment to fill the vacancy occasioned by the suspension of an officer until the decision on the impeachment.

"Sec. 7. The Legislature shall provide by law for the trial and removal from office of all officers of this State, the modes for which have not been provided in this Constitution.

Impeachment is a heroic remedy to be resorted to in extreme cases. State v. Hastings, 37 Nebr.96, 55 N. W. 774. The causes contemplated as grounds for impeachment can be neither trivial nor capricious, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public, and they must be causes attaching to the qualifications of the officer, or his performance of his duties, showing that he is not a fit or proper person to hold the office. 46 C.J.p. 1062; Moulton v. Scully, 111 Maine, 428, 89 Atl.944. Mere negligence or excess of power without corrupt intention is not such an offense for which an officer should be impeached. State v. Hastings, supra.

The Constitution contemplates that in the matter of impeachment, the House shall act somewhat in the capacity of a grand jury. It investigates, hears witnesses, and determines whether or not there are sufficient grounds to justify the presentment of charges, and, if so, it adopts appropriate articles and prefers them before the Senate. The



House, or its duly authorized representatives, likewise conducts the impeachment proceedings in the capacity of prosecutor, before the Senate. Ferguson v. Maddox, (Sup. Ct. of Tex.) 263 S.W.888.

In impeachment proceedings, the Senate sits as a court of impeachment, the senators being on oath or affirmation impartially to try the party impeached, and the Constitution requiring that a conviction cannot be had without the concurrence of two-thirds of the senators present. [It is, of course, essential as a matter of due process, that the person against whom impeachment proceedings are preferred by the House shall be sufficiently informed by the articles of impeachment written out in the House and referred to the Senate of the nature of the charges preferred against him, and that he be given an opportunity to appear and defend himself in the Senate, and that he be confronted with the witnesses against him. However, it is not necessary that the articles of impeachment preferred by the House shall be written with the technical precision of an indictment.>

It is likewise to be observed that only those officers named in the provisions of Article 15, Sec. 2 of the Constitution, are subject to impeachment. Impeachment is an unusual and expensive proceeding, and the Constitution does not contemplate that it may be used as a medium for removing from office any except the high and responsible officers of the state. The Legislature is commanded by Article 15, Sec. 7, to provide by law for the trial and removal from office of minor officials of the state, and this it has done.

A private citizen does not have the right or power to institute impeachment proceedings in the House, if by the use of the word "institute" is meant the initiation of proceedings in such a manner as to compel the action of the House thereon. X However, a private citizen may ["institute" proceedings for impeachment in the House in the sense that the citizen may] convey information to the members of the House upon which the House itself may deem it expedient to institute and prosecute impeachment proceedings against any of the officers named in the Constitution.

We are of the opinion that impeachment proceedings in the House should be begun by the introduction of a resolution by one of the members of the House, setting out before the House the charges, in general, against the particu-



lar officer or officers desired to be impeached, and resolving that the House form itself into a Committee of the Whole for the purpose of investigating such charges, hearing witnesses, and determining whether or not there is suffcient grounds to justify the House in presenting articles of impeachment to the Senate. If, after such investigation and the hearing of witnesses, the House determines that articles of impeachment should be preferred against the officer or officers, such articles of impeachment should be drawn up in writing, and the charges should be made in sufficient detail therein, and with sufficient certainty, to inform the accused officer or officers of the nature of the offense or offense alleged to have been committed by him or them, and considered by the House to be of such gravity as to warrant the preferment of such charges.

If the House adopts articles of impeachment, it prefers them to the Senate -- that is, it files such articles of impeachment with the Senate, the articles of impeachment thus serving the function of a pleading or indictment before the Senate, sitting as a court. The Senate, sitting as such court, hears the evidence adduced before it upon such articles of impeachment by the House through its authorized representatives, declares the law and renders judgment. In its function as a court, the Senate therefore will see that the accused is sufficiently informed of the nature of the charges preferred against him, that he has an opportunity to appear and defend himself, and that he is confronted with the witnesses against him. The senate, of course, is the judge of the credibility of the witnesses produced before it, the judge of the procedure which it shall adopt in conducting such trial, and the judge of the question whether such of the charges referred to it as are, in its judgment, satisfactorily established by the evidence, are of sufficient gravity as to authorize or require it to render judgment impeaching such officer or officers.

For a further discussion of the procedure to be adopted in matters of impeachment, we refer you to the authorities above cited, which contain a more extended treatment of the matter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF-MR

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY M.C.H.